May it please the court, Sean O'Keefe on behalf of the appellants. There's no dispute in this case that my clients had Article III standing to object to the motions in the Bankruptcy Court. The issue here is whether or not they forfeited that standing by failing to appear and make those objections. Given the nature of the objections, jurisdictional, the case law is clear that they do not waive that jurisdiction. To the contrary, not only can they raise it at any point in time, had they gone to the lower court and prevailed, they could have simply gone to this court and said, we want to set aside our own order because of a lack of jurisdiction. So you're saying that because it's a jurisdictional issue, they didn't have to do anything? That's exactly right. That doesn't make sense. Did they have to file a notice of appeal? Well, yes, absolutely. Why? If they didn't have to do anything, why did they even have to do that? No, they didn't have to do anything at the lower court. They preserved that right. They preserved that issue for appeal. And their failure to appear does not vitiate their standing, which was the ruling of the district court. I think you're maybe confusing two types of standing. I mean, one is whether they have an injury. That's Article III. The other is whether they have appellate, whether they can get review on appeal. Aren't those two different things? Well, the injury here, to some degree, but in this particular case, dealing with the aggrieved person, they were clearly aggrieved and clearly had standing to object at the trial level. The nature of the relief granted was purely jurisdiction, subject matter jurisdiction. The bankruptcy court had no power whatsoever to rule on what was before it. The bankruptcy court also had no jurisdiction under 9006b2. So my clients had the right to raise that at the district court. I would also note that as this court noted in the commercial case, which the district court cited in its favor, but in fact in New Year's in favor of my clients, it was the exact same procedural deprivation that this court concluded allowed those investors who were not raising a jurisdictional issue as my clients are to have standing. And in that particular case, the trustee went before the court with a planned confirmation hearing, which was a contested matter, and sought relief that could only be obtained through an adversary proceeding, which is exactly what happened here. But in commercial, wasn't the problem that they hadn't gotten proper notice? No. Actually, they did get notice. They did get notice. Okay. The issue there was, it was the exact issue here, except my case is infinitely stronger, because there was no question that the bankruptcy court had subject matter jurisdiction to rule on the plan. It's just that the nature of the relief granted could only be granted through an adversary. In this particular case, and I would refer 294 of the excerpts of record, at least as to the relief of the bankruptcy court saying, I am going to declare and state that Mr. Grobstein has had enough votes to be installed. Oh, so let me go back to commercial for a second. So I'm looking at page 1335 of the court's opinion. So the court says, even though we agree that attendance and objection should usually be prerequisites to fulfilling the person agrees standard, the trustee's to give the investors proper notice that the plan avoided their security interests excuses them from fulfilling these prerequisites in this case. So wasn't the issue there that they hadn't gotten the proper notice? That's why they were excused from having to, had to object. What the court, what Judge Preggerson was referring to was what you're doing in a contested matter is you're seeking relief that can only be sought in an adversary proceeding. So the notice deficiency was you needed to give them a summons and a complaint, but they received notice of that hearing and they received notice of what was going to happen to the planner organization. What Judge Preggerson was saying, that's not good enough. The relief you're seeking is to strike their trust deeds and that's declaratory relief. And that requires a summons and a complaint. In this case, I am coming to this court saying it was a clear jurisdictional overreach. The Bankruptcy Court, that property was rejected two years earlier. It was no longer property of the estate. It was completely done under this court's ruling that is conclusive. That is conclusive. The Bankruptcy Court acts in REM and the property was gone. It was also the other issue, this court has repeatedly said under 9006B2 that you cannot that the court used to reach out and bring a property that was no longer property of the estate back into the estate and begin to exercise jurisdiction. Those are two clear overreaches that he absolutely had no right to do. My clients were entitled to raise that. These issues come up in a contested matter. That motion was filed on 21 days' notice. My clients were required to respond in 14 days. There's 3,000 entries on that Bankruptcy Court docket. When you receive this inch thick stack of paper as an elderly investor, you're saying this has nothing to do with me. Well, you filed something within a few days after the Bankruptcy Court had made, had held argument and made an oral ruling, right? I did. And it's like 25, 27, 28 pages long. Yes, Your Honor. When did you start working on it? I started at the next morning when I was called and they said, this is what happened. I said, that can't happen. So I rushed that out. And I will tell you, Your Honor, that that came from another case. So all of those issues and pleadings, I was able to work on. You'd worked on the issue before? Yes. Many times before. So when the case gets up to the bankruptcy, or to the district court on appeal, and this argument, I think it's a motion to dismiss the appeal for lack of standing or lack of trial. Was there, did you try to give any reason why nobody had filed something on time and showed up at the hearing? Yes, I did. What was it? What I did was, to make sure the district court had the whole picture, I rushed out my entire appellate brief and the excerpts of record so he could consider that. No, no. My question though is, did you try to explain to the district court why nothing had gotten filed on time and why there hadn't been an appearance at the hearing in front of the Bankruptcy Court? Yes, Your Honor. What was the explanation? And where do we find it? I believe that I explained to him that a motion filed in a bankruptcy court, which an elderly investor receives, which in their mind, this has nothing to do with me. I'm not getting sued. Why are my rights being affected? Effectively, those people had at most 21 days' notice. Half of the relief that was granted, which was the declaration that the votes were in favor of the bankruptcy court, was in favor of the bankruptcy court. So basically, the explanation you gave to the district court is that because of who your clients were, 21 days wasn't enough notice. That's exactly right. 21 days' notice. Did you also move to the Bankruptcy Court to reconsider its order? Yes. But you didn't appeal the denial of that motion? Your Honor, I did appeal that, and my recollection is it captures both in any event. I'm sorry, what? My recollection is an appeal of the final order also picks up an appeal of the Rule 59 order. No. Well, yeah, maybe. But you're not really appealing that now. Well — I mean, it seems to me — I was sort of surprised by that because it seems to me that as to that motion, you clearly were a party. So this problem doesn't exist, i.e., the grieved person party problem. Now — and therefore, it might be a way to deal with the issue, but you really haven't pushed that at all, as far as I can tell. Your Honor, I'd have to look at my notice of appeal, but I believe I picked up both. And I believe it was the — Well, I didn't read the briefs that way, anyway. Then I apologize. I believe that this Court has ruled that appealing — What is your understanding of the State of Ninth Circuit case law on this question? As far as I can tell, we have Fondiller and then we have Commercial Western. Fondiller was not exactly about the non-appearance problem. Is that right? Yes, Your Honor. My recollection is, although my — I distinctly recall Commercial. I know the facts of that particular case. And the ruling in that particular case affords standing in this case solely on the issue that they were seeking. Well, I know it. But the question is, is there a holding in — if there is a holding anywhere that says that non-appearance is a standing problem and you're not a person aggrieved, it would have to be in Commercial Western. Is there a holding in Commercial Western? I understand the facts are different. But is there — No, no. The Court simply discussed the law and then ruled on those particular facts that those investors did have standing. Your Honor, can I preserve one minute for — Okay. Thank you very much. Thank you, Your Honor. Good afternoon, Your Honors. May it please the Court, I'm Roy Zer. I represent Howard Gropstein, who's the Chapter 7 trustee for Point Center Financial Inc. Your Honors, before the Court is a very, very narrow issue. Yes. Can I start where I just finished? All right. What exactly is the Ninth Circle on that issue? All right. Well, I'm assuming you're talking to the person aggrieved issue. They weren't there. They didn't object. Okay? Your Honor, there are two requirements for appellate standing. All right. Where are you finding this? This is in Commercial. All right. But in Commercial Western, I mean, maybe it's a holding. I mean, the question is, is there actually a holding there? They go through and they say, well, some commentator supports a requirement of attendance and objection, and then some district court case. And then they say, even though we agree that attendance and objection should usually be prerequisites, and then they talk about the notice. So the question is, is that enough to be a holding? Your Honor, I believe it is a holding, and, in fact, panels of this Court for the last 30 years have been put together. Well, that's what I want to know. What cases are you talking about? Unfortunately, some of these are memorandum opinions. Well, that doesn't count. So what published opinions are you talking about? Your Honor, I don't have any published opinions of this circuit that announced that. So there are none. So you were wrong when you said what you said. It's been interpreted by panels of this Court as recently as May of this past year to be the holding of the I.S. Okay. But that's why we have unpublished decisions, because they're not precedent. Yes, Your Honor. So the only possible precedent is the Commercial case. Your Honor, there are, and I understand this is not precedent of this circuit, but there are other circuits, certainly the Seventh Circuit, has adopted the rule that the Seventh Circuit believes was announced in Commercial in a case called In Re Re, R-A-Y, which is cited in our brief. It's a 2010 case, which announces the rule as there are two requirements for appellate standing. One is for the appellant to have been aggrieved in the traditional sense, to have been adversely and directly aggrieved. And there's a Fourth Circuit case to the contrary. Is that right? I believe that's correct. Which says that Commercial's implication was wrong. Because it is very odd, isn't it odd, to have the question of whether what's basically a procedural default become a standing question? Well, it's a standing question that is unique to bankruptcy cases. I understand that. Because otherwise you would have parties, just like in this case, there are hundreds of parties. Well, that may be true, but these are the people, as I understand it, most directly implicated. Well, I will point out, Your Honor, that the district court was not offered any evidence on the issue of how these folks were actually adversely or directly impacted. There's one other thing, though. As I read the transcript, notice goes out for the hearing. Nothing gets filed by these people. There's an argument at the hearing. The lawyer for them doesn't show up. The judge announces a ruling, says the motion's granted because it's unopposed, but it's contemplated that there's going to be a written order. Doesn't issue right away. Before the order gets issued, counsel comes in with his motion to reconsider and gets all of his arguments before the bankruptcy court, before the order actually gets issued. And in fact, when the bankruptcy court denies the, I think it's called an emergency motion to reconsider, the bankruptcy judge says, well, it's not really an emergency. I haven't even entered the order yet. So here's my question. Why isn't, since they got in before the actual order got entered and the bankruptcy judge on the same day both grants the rules and the merits in your client's favor and denies the motion to reconsider, so everything is in front of the bankruptcy judge when she rules on the merits, why isn't that good enough? Why isn't that enough of an objection to give them whatever standing you think Commercial Western requires? Because Commercial Western requires that the parties object to the relief requested in the first instance. Okay. So why is that? Why is that important? Because you want to give the bankruptcy judge a chance to deal with it, right? Yes. Bankruptcy judge got a chance to deal with it. He did. And I may have said she, I honestly don't know if it's a he or she. It's a he. Okay. Right. You know, that's another factor in this case that bothers me is that you, I mean, the trustee was months late in exercising his option to assume an executory contract, right? He was way past the deadline. But, you know, I mean, you don't go about that, but, you know, months and months past the deadline, you know, and here it seems to me this oversight is much less, you know, severe than the trustee's own in waiting months to assume that contract. Your Honor, the bankruptcy court considered that. I know that, but still, you know, I mean, it doesn't seem to make sense. I mean, you know, in other words, you're whipping these people with a, I'll call it, to me it seems like a small oversight of the local rules. And then in spite of the trustee's own lack of diligence, huge lack of diligence. Your Honor, the, although that particular order of the bankruptcy court, the order approving the assumption is not actually what's before this court today because that appeal was dismissed. And in fact, the reconsideration order. But that's the hearing he didn't attend, right? That's right. And the reconsideration order was not, in fact, appealed. The only thing that was appealed. The bankruptcy court actually decided the, denied the reconsideration order on the merits, right? It didn't say because you didn't show up. The court did deny it on the merits. That's correct. It didn't say it was because you didn't show up. That's right. So doesn't that feed into Judge Canelli's concern? He had, she had everything before her. He had it. And moreover, he didn't say it was because you didn't show up. He said it was because I disagree with you. So he did rule on the merits. He had a chance to rule on the merits after the objection, and he did. He did. And in fact, that was not appealed. What was appealed was the initial order. That order was appealed to the district court. But as Judge Canelli points out, the order had, the first order hadn't even been issued at this point. But the ruling of the bankruptcy court was effective on the date of the hearing when the judge. You can't appeal it until there's a written order, can you? You could appeal just from the order. Even if it's contemplated that a written order is going to come? Yes, unless, unless, unless there are going to be additional findings, which the judge. But there's a discussion at the end of the hearing about all the stuff that needs to go in the order. And they're going through and saying, well, this should be in the order, that should be in the order. And the judge says, yes, go ahead and put that in the order. So everybody understands this order is going to come in. That's correct. That's going to be something that memorializes the ruling that was made at the hearing. And the ruling was effective on that date. More because I'm curious than because it matters. What was the explanation as to why the trustee came in two years late? Your Honor. Was two years, more than two years? It was, it was about two years. Your Honor, one of the appellants in this case is not, in fact, an investor in this entity. One of the appellants is Mr. Dan Harkey, who was the principal of Point Center Financial, who was ousted from, from control of the debtor because he had done all kinds of improprieties, both before and after the bankruptcy case. And the bankruptcy judge had appointed my client as the Chapter 11 trustee, who subsequently asked for the conversion of the case of Chapter 7. But Mr. Harkey, when he was in control of the debtor, had lied under oath several times. And one of the times that he lied under oath was at a meeting of creditors when the trustee asked him about the various LLCs, one of which is the one that's at issue here. And Mr. Harkey lied under oath and said there's nothing there. And so... What do you mean there's nothing there? It has no assets? The LLC has no assets. You know, there's, there's no money there and there would be nothing for the trustee to administer. And my client had submitted evidence before the bankruptcy court explaining that this was exactly the reason why he did not assume the operating agreement by the deadline that the court had set in its own order. And in two intervening years, he didn't manage to find out otherwise? That's correct. And in fact, my client found out about it because he was contacted by an investor in the entity who said, hey, did you know that this was sold? How did you find out that the property was sold? Well, I read it in a Desert Sun article. And so my client presented all of this evidence to the court, which is what the appellants are contending. That was not what was asked. What was asked was for the court to extend a deadline that the court itself had set back in February of 2014, extend that deadline for cause, for cause shown, and then allow the assumption. And the assumption, Your Honor, let's just circle back to commercial. The exception in commercial is for lack of proper notice because... In commercial is that... I don't like characterizing things as dicta, but essentially it was dicta because in that instance, it sort of said in passing, well, we think this is a good rule, but we're not applying it here. I think what the court in commercial was doing was setting a rule... Is there any Ninth Circuit case in which this rule has been applied? Published decisions, I am not aware of. There's none. But there are... Not any. Many unpublished. Well, that's fine. But we really are quite a purist about this because if we weren't, we really couldn't operate. So we're pretty purist about the fact that if it's not a published opinion, it doesn't exist for our purposes. I understand. So there is no Ninth Circuit published opinion which has ever held that somebody can't go forward because they didn't show up and object. Not that I've been able to find, Your Honor. And you say there is a Seventh Circuit opinion, but there's a Fourth Circuit case for the contract, essentially. That's right. And if the rule were otherwise, would it matter then that this is a jurisdictional problem? I appreciate the opportunity to address that. Thank you, Your Honor. No, it would not. And in fact, the point that we had tried to make in our papers to the court is what the appellants are trying to do is to create an exception that doesn't exist. Well, I'm sort of asking it the other way. If the rule was the Fourth Circuit rule, i.e. that this is an ordinary procedural default rule, not, quote, standing, that this person is essentially a party, but they defaulted, would it then matter whether it was a jurisdictional rule or not? No, it would not. Okay. And the reason is, is it's a, it's a, it's an issue of standing which asks, are you here properly in the first instance? And when I say here, I mean before the appellate court. It's not a question that asks what kind of argument can you make to the appellate court? It's true. We agree with the uncontroversial proposition that subject matter jurisdiction arguments are not waived. That is a rule that, that is, is firmly in French. No, but the jurisdictional question is, my understanding is that their argument that there's a jurisdictional question has to do with whether the district court, they're contending that the district court could, did not have the jurisdiction to do what it did, that the contract was out of the case and they couldn't drag it back in and ruin it. So that's the jurisdiction question I'm talking about. Does it make any difference? Is the A, is that a jurisdiction question? They're claiming it is. And if it is, does it make any difference whether we call this a procedural default, as you ordinarily would, or a waiver or something of a party who doesn't show up or quote, standing, i.e. they're not a person aggrieved. I mean, they are a person aggrieved in any ordinary sense of the term person aggrieved, right? Because they are, they have an article three injury. No, you know, you're not doubting that. That would give them an ability to object before the bankruptcy court. So in that sense, they would be an aggrieved person, the first instance, but they didn't show up in the first instance. And the question is, if we thought that the not showing up was, was an ordinary procedural default, would it matter that what they're now complaining about, they claim is to be a jurisdictional question? If that's too many ifs, I don't know. I understand that, Your Honor. The, the, the problem is, is that the premise, the factual premise that's aggrieved for appellate purposes, which is narrower than just article three purposes. I know that. And we've discussed that earlier. And I'm now telling you that I don't necessarily know that commercial resolves this. And I want to know if we decided that that wasn't the case, i.e. it isn't true that, that if you don't show up, you're not a person aggrieved for appellate purposes, although you may be, you may have have an ordinary default, then what? I think the problem is, is that you would be putting. Problem is you don't agree with my premise. Well, that is. My hypothetical premise, it's not even a premise. You, you would be, you would be putting, you'd be putting the arguments that you're, that you're planning to argue in front of an appellate court before all other questions that need to be resolved. Well, that, this isn't a very good case to be arguing that because that isn't what happened. They did in fact put it before the bankruptcy court. That's right. But, but they did it very late. They did it late. So when you're late, you may have problems due to the lateness, but they did put it before the bankruptcy court. I should point out, Your Honor, that there were other parties that appeared in the bankruptcy court who did not appeal. There, there was one party who objected in the bankruptcy court who, who did not in fact file a notice of appeal. And so it's not that the issue was, was a default against everybody. People were hurt. And the bankruptcy court made its decision. And then the other folks who decided to sit on the sideline. So you've read it. Thank you very much. Thank you very much, Your Honor, for that. Sure. I would just read to the court this court's ruling in In re Tulli, 172 of third 707, quote, in the present case, the fact that Iraq failed to plead or I'm sorry, but I can't hear you. Could you speak up a little bit? I apologize. In re Tulli in the present case, the fact that Iraq failed to plead or appear in this action makes no difference when the entry of a judgment is sought against the party who has failed to plead or otherwise defend a district court has an affirmative duty to look into the jurisdiction over both the subject matter and the parties, which we're talking about now. This was a ruling by this court in re Tulli T U L I 172 F third 707. That's one of many cases that I cited by this court for the proposition that a procedural default. Well, that's not a bankruptcy case. No. And the question is whether there's some, I mean, that's clearly not the rule. Clearly in non-bankruptcy cases, it's not a problem, but in non-bankruptcy cases, you know exactly who the parties are. That's the problem here. Well, Your Honor, they're making too much of the distinction between an article three and an article one in this particular case, what the agreed party deals with is when general motors files bankruptcy and has a million shareholders in one person objects to the plan, even though it doesn't affect them, then that's the bankruptcy issue. That's not the case here. This is a case where an article one court exercised jurisdiction over a property that was not property of the estate as of two years earlier, this is a case where they obtained relief by raising it at the podium with respect to the vote. That was a declaratory relief judgment to the detriment of my clients, which was not sought in the prayer of the motion and as to which the court didn't have evidence. So the case of commercial applies in my favor because it was again, a case where they needed to file a summons and complaint to even seek relief of that nature against my clients. Okay. Thank you very much. Thank you. Thank you both for your arguments. Harkey versus Grobstein was submitted and we will be in recess for a few minutes.
judges: Tashima, Berzon, Kennelly